J. S42034/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
BRANDON LAMONT McPHERSON, : No. 318 MDA 2017
:
Appellant :

Appeal from the PCRA Order, February 1, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0001609-2007

BEFORE: OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 04, 2017**

Brandon Lamont McPherson appeals *pro se* from the February 1, 2017 order entered in the Court of Common Pleas of Lancaster County which dismissed, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A previous panel of this court set forth the following:

> On November 14, 2008, [a]ppellant was found guilty by a jury of attempted murder, aggravated assault, and two counts each of conspiracy and reckless endangerment.[1] . . .
>
> . . . .
>
> . . . Following his convictions, [a]ppellant was sentenced to twenty-five to sixty years [of] incarceration. On May 26, 2010, we affirmed. On

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 903(a)(1) & (2), and 2705, respectively.

November 10, 2010, [a]ppellant filed a timely PCRA petition seeking reinstatement of his right to file a petition for allowance of appeal. He was granted the requested relief, and our Supreme Court denied review on October 25, 2011.

Appellant filed his [first] PCRA petition on May 2, 2012. Counsel was appointed and filed an amended petition [alleging ineffective assistance of trial counsel] . . . .

[Following an evidentiary hearing,] [a]ppellant's PCRA petition was denied on December 11, 2013. . . . This appeal followed.

*Commonwealth v. McPherson*, No. 2224 MDA 2013, unpublished memorandum at 1-3 (Pa.Super. filed August 21, 2014) (record citations omitted).

The record reflects that on August 21, 2014, this court affirmed the order denying PCRA relief. Appellant did not seek review with our supreme court. On November 16, 2016 appellant filed the instant PCRA petition, his second. On January 6, 2017, the PCRA court gave appellant notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907(1). On February 1, 2017, the PCRA court dismissed appellant's petition. Appellant filed a timely notice of appeal and timely complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

[1.] Did trial court's error in denying appellants [sic] post conviction relief, as untimely filed when appellant established that claim was within the plain language of the

- 2 -

>            timeliness exception set forth at 42 C.S. [sic]
>            § 9545(b)(1) and section 9545(b)(2)[?]
>
>    [2.]   Did trial courts [sic] violate appellants, [sic]
>            constitutional rights or the law of the
>            Commonwealth and United States, when,
>            consecutively, [sic] charging, convicting,
>            and/or sentencing appellant to: attempted
>            murder and aggravated assault[?]

Appellant's brief at 2 (unnecessary capitalization omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, appellant's judgment of sentence became final on January 23, 2012, which was 90 days after our supreme court denied discretionary review on October 25, 2011. ***See*** 42 Pa.C.S.A. § 9545(b)(3);

Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013); U.S. Sup.Ct.R. 13. Therefore, appellant's petition, filed more than four and a half years later on November 16, 2016, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Additionally, challenges to the legality of the sentence are never waived. *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super. 2005) (*en banc*), *appeal denied*, 917 A.2d 844 (Pa. 2007). This means that a court may entertain a challenge to the legality of the sentence, so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. *Id.*

Here, appellant claims that a recent judicial decision constitutes a newly discovered fact upon which he predicates his PCRA claim and that in that recent judicial decision, the United States Supreme Court recognized a new constitutional right that makes "the trial court's actions of charging, convicting, and/or sentencing appellant to consecutive terms of attempted murder and aggravated assault, [] a violation of his [F]ifth and [F]ourteenth amendment [sic] until he received the aforementioned new's letter [sic] informing him of the constitutional violations stated in ***Smith v. Wenderlich***[, 825 F.3d 641 (2d Cir. 2016)]". (Appellant's brief at 5 & 9.) As such, appellant claims that this judicial decision, which he contends is a newly discovered fact, implicates the legality of his sentence. Appellant is mistaken.

Notwithstanding the fact that ***Smith v. Wenderlich*** entirely fails to support the proposition that appellant advances, which is that it is unconstitutional for a sentencing court to sentence an appellant consecutively on convictions of aggravated assault and attempted murder, the case was decided by the United States Court of Appeals for the Second

Circuit, not the United States Supreme Court.  Therefore, this decision does not, and could not, fall under the PCRA's new constitutional right exception.[2]

Accordingly, because appellant's petition is untimely and appellant has failed to plead and/or prove an exception enumerated in 42 Pa.C.S.A. § 9545(b), the PCRA court lacked jurisdiction, and it properly dismissed the petition.

Order affirmed.


Moulton, J. joins this Memorandum.

Olson, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2017

---

[2] We note that even if appellant had met the underlying requirements of § 9545(b)(1)(iii), which he has not, appellant would still not be entitled to any relief because he would not be able to satisfy the 60-day requirement set forth in § 9545(b)(2) which requires an appellant to file his petition within 60 days of the High Court's decision, not, as appellant contends, within 60 days of the date that appellant became aware of that decision. **Brandon**, 51 A.3d at 235 (finding appellant's claim alleging recently filed judicial decision as newly discovered fact failed for, **inter alia**, not complying with § 9545(b)(2), "the sixty-day period begins to run upon the date of the underlying judicial decision[,]" not the date appellant became aware of the decision).